CHRISTIAN and CURRAN *v.* ELIAS S. NAUDAIN's Administrator.

Where one person gives another his promissory note and afterward his bond, or other instrument under seal, for the absolute payment of a sum of money, the law will presume the bond, or other instrument under seal, to have been in satisfaction of all pre-existing indebtedness on the part of the former to the latter up to the time when such second security was given by him, and the former security of a lower grade upon that presumption, would be merged in and extinguished by the latter security of a higher nature. This, however, is but a legal presumption, which may be rebutted by evidence to the contrary. Where, therefore, it appears from the evidence in any case, that the parties to the two securities are not the same, or that the subsequent security of a higher grade was given and taken as collateral, or additional security only for the former and for the same indebtedness, and was not intended to supersede, or extinguish. it, both will continue valid and subsisting securities for the purposes for which they were given.

ASSUMPSIT on a promissory note at six months for twenty-five hundred dollars, made by the firm of Naudain & Murphy to the order of the firm of Christian & Curran. Jacob V. Naudain constituted with Murphy the firm of Naudain & Murphy, and the note which was dated December 28th, 1856, was signed with the name of that firm and also by Elias S. Naudain.

The proof was that the firm of Naudain & Murphy were in the grain trade and had been shipping frequently to the plaintiffs and drawing drafts upon them on account of such shipments, and that the note was given as collateral security and was signed by Elias S. Naudain as a surety only, for such drafts, and that he was neither a member of their firm, nor owed any portion of the money for which the note had been given, except as such surety. The firm of Naudain & Murphy had since failed in business and after that Jacob V. Naudain, the member of the late firm had, on the 14th of April, 1857, executed his judgment bond to the plaintiffs for the sum of $8000, to secure the payment of all the debts then due them from the late firm of which he had been a member, and that on the same day judgment had been entered on the bond in this court against him ; and had also soon afterward delivered two vessels to them for the same purpose, which they had sold and received the proceeds of the sale of them.

*Rodney*, for the defendant, contended that the simple contract debt of Elias S. Naudain on the promissory note signed by him to the plaintiffs under the facts proved, was merged in the judgment bond executed and delivered by Jacob V. Naudain to them, to cover that, as well as all other indebtedness of every kind then due them from the late firm of Naudain & Murphy, and was in contemplation of law extinguished by it; and that such defence might be given in evidence under the plea of non-assumpsit in the present action upon the note. *Com. Dig. Plead* 2 *G.* 12. *Pitm. on Princ. and Surety*, 40 *Law*

*Libr.* 202. *Add. on Contr.* 1077. *Drake v. Mitchell*, 3 *East* 251. *M. & S.* 573. *Twopenny v. Boys*, 10 *E. C. L. R.* 54. *Price v. Moulten* 2 *E. L. & E. R.* 303. *Brown on Actions* 45 *Law Libr.* 328.

*Gordon*, for the plaintiffs : The doctrine of merger and extinguishment of a lower in a higher grade of security given for a debt, did not apply in this case, because the judgment bond given by Jacob V. Naudain to the plaintiffs, was only a collateral security for the payment of the note in question and the preceding indebtedness of the firm of Naudain & Murphy to them, and it was expressly understood and intended so to be by the parties to it when it was given and taken by them ; and in the next place, because the bond was not between the same parties, as the parties to the promissory note, but different parties ; and to extinguish a security of a lower by a higher grade of security for the same debt, two things at least, were necessary ; in the first place, it could not and should not be a collateral security merely for the indebtedness, and in the next place they should both be for the same debt between the same, and not different parties. 1 *Ch. Pl.* 94. *Drake v. Mitchell*, 3 *East* 251.

*The Court, Gilpin, C. J.*, charged the jury, that where there was mutuality between the parties, as where the security of the higher and of the lower grade were between the same parties and for the same debt, or one person gives another his promissory note and afterward his bond, or other instrument under seal, to the same person for the absolute payment of a sum of money, the law would presume the bond, or other instrument under seal to have been in satisfaction of all pre-existing indebtedness on the part of the former to the latter up to the time. when such second security was given by him, and the previous security of a lower grade would, upon that presumption, be merged in and extinguished by the latter security of a higher nature in contemplation of law.

That, however, was but a legal presumption where the two securities were between the same parties, which might be rebutted by evidence to the contrary. Where, therefore, it appeared from the evidence in any case, that the parties to the two securities were not the same, or that the subsequent security of a higher nature was given and taken as collateral, or additional security only for the former and for the same indebtedness, and was not intended to supersede or extinguish the former security of a lower grade, the lower would not be presumed to be merged in the security of a higher grade, and would consequently not be extinguished, superseded, or affected by it; but both would continue valid and subsisting securities for the purposes for which they were given; and if the jury were satisfied from the evidence which they had heard in the case that the judgment bond executed and delivered by Jacob V. Naudain to the plaintiffs for the sum of eight thousand dollars, was only a collateral or general security for whatever indebtedness existed on the part of the late firm of Naudain & Murphy to the plaintiffs, including the indebtedness for which the promissory note in question was made by them and signed by Elias S. Naudain as their surety, the action would lie against his administrator, and their verdict should be for the plaintiffs, provided they were also satisfied from the evidence, that the indebtedness on their part for which the promissory note was given to the plaintiffs had not been paid.